IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICCOLE A. WETHERELL,** | ) | CASE NO. 8:09CV32 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JOHN DAHM,** | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made four claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One[1]: Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea *because* the prosecution and Petitioner's trial counsel "failed to properly inform [Petitioner of the terms] of the plea agreement."

Claim Two[2]: The prosecution engaged in "Prosecutorial Misconduct" *because* the prosecution "failed to file an Amended Information" and it "presented false information regarding [the] plea agreement."

Claim Three: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's trial counsel did not investigate the evidence by examining witnesses, did not properly inform his client of the terms of the plea agreement, did not enforce the terms of the plea agreement, and did not perfect an appeal.

---

[1]Claim One of this Memorandum and Order contains the claims set forth in the Petition as Grounds One and Four. (Filing No. 1 at CM/ECF pp. 5-6 and 12-14.)

[2]Claim Two of this Memorandum and Order contains the claim set forth in the Petition as Ground One. (Filing No. 1 at CM/ECF pp. 5-6.)

    Claim Four:    Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's appellate counsel did not object to the breach of the plea agreement and did not perfect an appeal.

Liberally construed, the court preliminarily decides that all four of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), the court preliminarily determines that all four of Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court;

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (Filing No. 1) to Respondent and the Nebraska Attorney General by regular first-class mail;

3. By April 9, 2009, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: April 9, 2009: deadline for Respondent to file answer or motion for summary judgment;

4. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide

        Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph). The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***;

5.    If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

    A.    No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B.    The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    C.    Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to

       provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

      E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 24th day of February, 2009.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            United States District Judge