## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICCOLE A. WETHERELL,** | ) | **CASE NO. 8:09CV32** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOHN DAHM,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 9.) In support of his Motion, Respondent filed a Brief, Reply Brief, and relevant State Court Records. (Filing Nos. 7, 8, 11, 13, and 19.) Petitioner Niccole A. Wetherell ("Wetherell") filed a Brief in opposition to the Motion. (Filing No. 14.) As set forth below, Respondent's Motion is granted.

Liberally construing the allegations of Wetherell's Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1), she argues that the Petition should be granted because:

Claim One: Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea because the prosecution and Petitioner's trial counsel "failed to properly inform [Petitioner of the terms] of the plea agreement."

Claim Two: The prosecution engaged in "Prosecutorial Misconduct" because the prosecution "failed to file an Amended Information" and it "presented false information regarding [the] plea agreement."

Claim Three: Petitioner's conviction was obtained as a result of ineffective assistance of counsel because Petitioner's trial counsel did not investigate the evidence by examining witnesses, did not properly inform his client of the terms of the plea agreement, did not enforce the terms of the plea agreement, and did not perfect an appeal.

> Claim Four: Petitioner's conviction was obtained as a result of ineffective assistance of counsel because Petitioner's appellate counsel did not object to the breach of the plea agreement and did not perfect an appeal.

(Filing No. 5 at CM/ECF pp. 1-2.)

## *I. BACKGROUND*

On March 24, 1999, Wetherell pled no contest to one count of first degree murder. (Filing No. 7-4, Attach. 3, at CM/ECF p. 3.) Wetherell was thereafter sentenced to serve a term of life imprisonment on that conviction. (Filing No. 7-3, Attach. 2, at CM/ECF pp. 12-21.) Wetherell filed a timely direct appeal. (Filing No. 7-2, Attach. 1, at CM/ECF p. 2.) The Nebraska Supreme Court affirmed Wetherell's conviction and sentence in a detailed opinion on April 27, 2000. *State v. Wetherell*, 609 N.W.2d 672 (Neb. 2000).

Wetherell filed a motion for post conviction relief ("Post Conviction Motion") in the District Court of Sarpy County, Nebraska on August 1, 2007. (Filing No. 7-6, Attach. 5, at CM/ECF pp. 32-33.) The Sarpy County, Nebraska District Court denied the Post Conviction Motion, and Wetherell filed a timely appeal of that decision. (*Id.* at CM/ECF pp. 5, 34-36.) The Nebraska Supreme Court affirmed the denial of post-conviction relief on January 31, 2008. (Filing No. 7-5, Attach. 4, at CM/ECF p. 2.) Wetherell filed a petition for further review of that decision, which was denied on February 22, 2008. (*Id.*)

Wetherell filed her Petition in this court on January 22, 2009. (Filing No. 1.) Respondent thereafter filed his Motion for Summary Judgment, arguing that Wetherell's Petition is barred by the relevant statute of limitations. (Filing No. 9.) In opposition, Wetherell states that her failure to file her Petition within one year should be excused because she diligently pursued her rights. (Filing No. 14.)

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." Lawrence v. Florida, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* Riddle v. Kemna, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year

of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on July 26, 2000, 90 days after April 27, 2000, the date on which Wetherell's direct criminal appeal became final. *See, e.g., Riddle, 523 F.3d at 852* (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court expires). Thus, Wetherell had one year, or until July 26, 2001, to file a petition in this court. Alternatively, if Wetherell filed a state post-conviction motion prior to July 26, 2001, the limitations period would be tolled. Wetherell did not file her Post Conviction Motion until August 1, 2007. (Filing No. 7-6, Attach. 5, at CM/ECF pp. 32-33.) Wetherell did not file her Petition in this court until January 22, 2009. (Filing No. 1.) Even though the time during the pendency of the Post Conviction Motion does not count, that motion was not filed until more than six years after the statute of limitations *had already expired* and therefore does not toll the statute of limitations. In light of this, the court finds that Wetherell's Petition was not timely filed.

**B.     Equitable Tolling**

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g., Riddle, 523 F.3d at 857*. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

4

Wetherell argues that equitable tolling should be applied in this case because she repeatedly requested copies of the transcript and bill of exceptions, but the state court denied her requests. (Filing No. 14.) However, failure to receive a trial transcript prior to the filing of a post conviction motion is not enough to qualify for equitable tolling. *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). As the Eighth Circuit stated in *Gassler*:

> Here, we understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript. . . . And we are not told which particular claims petitioner was prevented from raising by the lack of a complete transcript.

*Id.* As in *Gassler*, although Wetherell may have wanted a transcript and bill of exceptions, one was not necessary prior to her filing her Post Conviction Motion or her Petition in this court. The court also notes that Wetherell requested these documents in 2000 and 2001, and then waited nearly five years before filing another request. (Filing No. 14.) It is clear on the record before the court that Wetherell has not pursued her rights diligently, nor does it appear that any extraordinary circumstance stood in the way of timely filing her Petition or otherwise prevented her from accessing the courts. The court finds that equitable tolling does not apply and Wetherell's Petition is barred by AEDPA's statute of limitations.

Alternatively, even if the court assumes that the failure to provide documents to Wetherell tolled the limitations period, or was a "state created impediment" under 28 U.S.C. § 2244(d)(1)(B), the Petition is still untimely. Wetherell states that she received these documents on February 20, 2007. (Filing No. 14 at CM/ECF p. 2.) She filed the Post Conviction Motion on August 1, 2007. (Filing No. 7-6, Attach. 5, at CM/ECF pp. 32-33.) Thus, 162 days passed between the removal of the "impediment" and the filing of the Post Conviction Motion. The state-court proceedings on the Post Conviction Motion, including

5

the appeal, concluded on February 22, 2008 when the Nebraska Supreme Court denied the petition for further review. (Filing No. 7-5, Attach. 4, at CM/ECF p. 2.) Giving Wetherell the benefit of the 90-day period for seeking a writ of certiorari from the United States Supreme Court, the one-year limitations period began to run again on May 22, 2008. Wetherell filed her Petition in this court on January 22, 2009, or 245 days after the end of the state-court post-conviction proceedings. (Filing No. 1.) Although the time during the post-conviction proceedings does not count, a total of 407 days elapsed between the removal of the state-created impediment and the filing of the Petition. In short, under any calculation, Wetherell's Petition is untimely.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 9) is granted. Petitioner Niccole Wetherell's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. Respondent's Motion to File Replacement Brief (Filing No. 12) is granted. For purposes of this Memorandum and Order, the court considers only Respondent's revised Brief (Filing No. 13.).

Dated this 1st day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.